## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF VANTUS BANK, | |
| Plaintiff, | No. C13-4046-MWB |
| vs. | |
| MICHAEL W. DOSLAND, et al., | **ORDER** |
| Defendants, | |
| vs. | |
| THE UNITED STATES OF AMERICA, | |
| Third-Party Defendant. | |

_____

This case is before me on a motion (Doc. No. 98) by defendants and third-party plaintiffs Michael W. Dosland, Michael S. Moderski, Arlene T. Curry, Barry E. Backhaus, Gary L. Evans, Ronald A. Jorgensen, Jon G. Cleghorn, and Charles D. Terlouw (collectively, the defendants) for leave to amend their third-party complaint against The United States of America (United States). The United States has filed a resistance (Doc. No. 101) and the defendants have filed a reply (Doc. No. 107). No party has requested oral argument and, in any event, I find that the issues have been sufficiently addressed by the parties' written arguments such that oral argument is not necessary. N.D. Ia. L.R. 7(c). The motion is fully submitted and ready for decision.

The motion to amend is timely, as it was filed on December 2, 2014, the deadline for such motions. Doc. No. 79 at 2. Moreover, the proposed amendment (Doc. No. 98-2) does not include new claims against the United States. Instead, it expands upon and modifies various factual allegations concerning the only claim set forth in the original third-party complaint. The United States' sole argument against allowing the amendment is that it would be futile, meaning it could not survive a Rule 12 motion to dismiss. *See In re Senior Cottages of Am.*, LLC, 482 F.3d 997, 1001 (8th Cir. 2007); *Van Stelton v. Van Stelton*, 904 F. Supp. 2d 965, 969 (N.D. Iowa 2012).

Here, conveniently enough, a fully-briefed Rule 12 motion to dismiss the third-party complaint is already pending. *See* Doc. Nos. 63, 102, 111. Under these circumstances, it would make no sense to conduct a futility analysis concerning the proposed amended complaint. As such, I find that the motion (Doc. No. 98) for leave to amend should be **granted**, as follows:

1. The Clerk shall detach the proposed amendment (Doc. No. 98-2) from the motion and docket it **under seal**[1] as the defendants' first amended third-party complaint and jury demand in this action.

2. The United States' pending motion to dismiss (Doc. No. 63) shall be deemed to apply to the first amended third-party complaint. Thus, no new responsive motion or pleading is required. However, the parties shall file supplemental briefs concerning the motion to dismiss, addressing the effect (if any) that the amended pleading has on the pending arguments. The following schedule will apply:

    a. The United States shall file its supplemental brief on or before **January 22, 2015**.

---

[1] The first amended complaint must be filed and maintained under seal pursuant to the confidentiality order in this case for the reasons set forth in the unresisted motion (Doc. No. 99) that was granted by order (Doc. No. 100) filed December 3, 2014.

b.     The defendants shall file their responsive supplemental brief on or before **February 5, 2015**.

c.     The United States may file a supplemental reply brief on or before **February 13, 2015**.

**IT IS SO ORDERED.**

**DATED** this 7th day of January, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE